# EXHIBIT "B"

D.C. Superior Court
07/05/2017 18:19RM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

ADHAM NUMAIR-EL           :
3207 Fox Bow Drive         :
Upper Marlboro, MD 20774   :

     Plaintiff            :
                             :

        v.                 : Case Number: **2017 CA 004568 B**

DISTRICT OF COLUMBIA     :
1350 Pennsylvania Avenue, NW,  :
Washington, DC 20004

SERVE ON:               :

    (1) Muriel Bowser, Mayor    :
    1350 Pennsylvania Avenue, NW,
    Washington, DC 20004     :

    (2) Karl A. Racine, Attorney General
    **Office of the Attorney General**
    for the District of Columbia   :
    441 4th Street, N.W., 6th Floor South
    Washington, DC 20001     :

and                       :

MICHAEL ANZALLO        :
300 Indiana Avenue, N.W.     :
Washington, D.C.  20001     :

     Defendants          :

## COMPLAINT FOR MONETARY DAMAGES

COMES NOW the Plaintiff, ADHAM NUMAIR-EL, through counsel, Kenneth E.

McPherson, Esq., and hereby files his Complaint for Monetary Damages against the

District of Columbia and Michael Anzello, on the following grounds:

1

## NATURE OF ACTION AND JURISDICTION

1.     This is a civil action under 42 U.S.C § 1983 seeking damages and injunctive relief against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving the Plaintiff of his rights secured under the Constitution and laws of the United States; retaliating against Plaintiff for his exercise of constitutionally protected speech, association, and religious exercise and affiliation; and for refusing or neglecting to prevent such deprivations suffered by the Plaintiff.

2.   This civil action is also brought under 42 U.S.C. 2000e-2 and 3, commonly referred to as Title VII, which prohibits employment discrimination because of an individual's race and religion, sex, or national origin; and retaliation by employers for protected activity related to employment discrimination.

3.     Jurisdiction for this case is based on D.C. Code 11-921(a)(6).

4.     The Plaintiff filed a timely charge with the Equal Employment Opportunity Commission relating to the discriminatory conduct (EEOC charge no. 570-2017-01160) and the Plaintiff is eligible to receive a right to sue letter with respect to their administrative discrimination charges.

5.   A right to sue letter was issued by the EEOC on April 5, 2017.

## PARTIES

6.     Plaintiff ADHAM NUMAIR EL, formerly known as Joseph Gibson, is a sworn law enforcement officer employed by the District of Columbia.  He currently resides in Maryland.

7.     Defendant District of Columbia ("Employer" or "MPD") is an employer within the meaning of Title VII and has employed the Plaintiff since 2004.

2

8.     Michael Anzallo is an Assistant Chief of Police of MPD and the former Assistant Chief of the Internal Affairs Bureau.  He is sued for damages in his individual capacity under 42 U.S. C. 1983 and to enjoin him from engaging in discriminatory action against the Plaintiff in the future.

9.     At all relevant times referred to in this Complaint, Defendant Anzallo acted under color of law for purposes of Plaintiff's claim under 42 U.S. C. 1983 and as an agent, servant, and/or employee of the District of Columbia for purposes of Plaintiff's claims under Title VII.

## HISTORICAL FACTS SERVING AS THE BASIS FOR PRIOR COMPLAINT

10.  The Plaintiff was hired by MPD in 2004 and successfully completed training at the police academy, thereafter becoming a sworn law enforcement officer of the MPD.

11.  The Plaintiff's birth name was Joseph Gibson which he used until 2010 when he adopted and used the name Adham Numair-El with no fraudulent intent.

12.  In 2010, the Plaintiff sought out information about various religions for the purpose of finding spiritual peace, motivated in part by his adverse childhood experiences.

13.  In 2010, the Plaintiff decided for personal reasons to adopt religious beliefs aligned with the Moors sect of Islam.

14.  In 2010, the Plaintiff chose to associate with the Moorish Science Temple of America for the purpose of exercising his religious faith and to associate with persons sharing the same religious beliefs.

15.  To declare and celebrate his personal religious conversion, the Plaintiff changed his name from Joseph Gibson to Adham Numair-El.

3

16. As a Maryland resident, the Plaintiff could, and did, legally change his name from Joseph Gibson to Adham Numair-El by using his new name exclusively and without fraudulent intent.

17. The Plaintiff legally acquired government-issued identification documents from the State of Maryland (Driver's License) and the federal government (social security card) in his new religious-based name, Adham Numair-El.

18. In September 2010, the Plaintiff properly applied to MPD's HR Department for a new MPD identification card and badge under his new religious-based name.

19. MPD unlawfully discriminated against the Plaintiff because of his religion, sex and associations by denying the Plaintiff new MPD credentials.

20. In 2010, the Plaintiff filed an administrative charge against MPD for unlawful employment discrimination (EEOC #10-C-2012-00057) and he thereafter sued MPD for employment discrimination and against MPD and others for federal civil rights violations under 42 U.S.C. 1983 (Superior Court no. 2013 CA 000451 B).

21. The Plaintiff's lawsuit is still pending as of the filing of this Complaint.

22. Defendant Michael Anzallo has personal knowledge of the Plaintiff's allegations of employment discrimination and civil rights violations and he was deposed on June 15, 2016, about his knowledge of the facts relevant to those claims.

23. From the time of the Plaintiff was hired by MPD in 2004 through his religious conversion in 2010, the Plaintiff was as a patrol officer assigned to the Fifth District who was respected and admired by his colleagues within MPD.

24. From the time of the Plaintiff's hiring by MPD in 2004 through his religious conversion in 2010, the Plaintiff worked secondary employment outside of MPD, with the

4

approval of MPD, as a security officer wearing the Plaintiff's MPD uniform, badge, and with his department-issued firearm.

25.   On or about September 23, 2011, the Plaintiff was abruptly removed from his MPD duties, his police powers were suspended, he was escorted off MPD's premises, and his authority to work secondary employment was revoked.

26.   The investigation and suspension of the Plaintiff was initiated and conducted by Sgt. McGuire who worked under the supervision of Defendant Anzallo because Anzallo was Chief of Internal Affairs Division (a/k/a Internal Affairs Bureau).

27.   On or about June 23, 2011, MPD initiated termination proceedings against the Plaintiff, but the Plaintiff prevailed against those charges at a Trial Board Hearing in December 2011, whereupon the Chief of Police ordered her subordinates to reinstate the Plaintiff to work effective on February 6, 2012.

28.   On February 6, 2012, the Plaintiff returned to wok but he was suspended again on February 7, 2012, when his police powers were suddenly revoked, his MPD identification badge and gun were seized, and he was escorted off of MPD property and told not to return without express permission.

29.   The renewed investigation and suspension of the Plaintiff was initiated and conducted while Defendant Anzallo was Chief of IAD.

30.   In 2015, Defendant Anzallo became the Assistant Chief of the Corporate Support Bureau. As such, Defendant Anzallo retained primary supervisory responsibility over the Disciplinary Review Division but also received supervisory authority over the Human Resources Division and other divisions.

5

## RECENT FACTS SERVING AS BASIS FOR THIS COMPLAINT

31.  In October 2016, Defendant Anzallo summoned the Plaintiff to appear at the Fifth District station on October 21, 2016, to execute documents to reinstate the Plaintiff to active duty.

32.  On October 21, 2016, the Plaintiff reported to Defendant Anzallo who presented the Plaintiff with reinstatement papers which the Plaintiff signed.

33.  During the reinstatement meeting on October 21, 2016, Defendant Anzallo addressed and referred to the Plaintiff only as "Joseph Gibson" even though Defendant Anzallo knew that the Plaintiff had changed his name to "Adham Numair-El" and had in 2012 prevailed against MPD allegations that the Plaintiff had failed to legally change his name.

34.  During the reinstatement meeting on October 21, 2016, Defendant Anzallo indicated that he would not recognize the Plaintiff's name change because the Plaintiff had not utilized Md. Rule 15-901 in spite of the Trial Board ruling in 2012 that the Plaintiff had legally changed his name and the Chief of Police accepting the ruling of the Trial Board by reinstating the Plaintiff on February 6, 2012.

35.  Defendant Anzallo's conduct on October 21, 2016 was inconsistent with the findings and ruling of the Trial Board in 2012 and MPD's adoption of those findings and rulings when the Plaintiff was reinstated on February 6, 2012.

36.  On November 11, 2016, the Plaintiff, in accordance with an order he received from superior officers, appeared at MPD's Human Resources office to be reinstated to active duty.

37.  On Nov. 11, 2016, Sgt. George Bernard directed the Plaintiff to return to the

6

Fifth District station on Nov. 14, 2016, to begin his first shift on active duty.

38.  On Nov. 14, 2016, the Plaintiff reported to the Fifth District Station to work his shift but was told by Sgt. Tanisha Parker that she had not received the paperwork necessary for her to put the Plaintiff to work on that day and that the Plaintiff should return home until he receives further orders.

39.  Defendant Anzallo, as the person with supervisory responsibility over the Human Resources Division, was involved in and responsible for having all paperwork in place that was necessary for the Plaintiff's reinstatement to result in actual work when he appeared at the Fifth District on Nov. 14, 2016, to resume active duty.

40.  The Plaintiff did not receive any orders for more than a week until he was ordered to report to the Internal Affairs Division on Nov. 30, 2016.

41.  On Nov. 30, 2016, the Plaintiff reported to IAD where he was interrogated about matters that allegedly prompted his suspension in 2010 and which serve in part as the foundation for the Plaintiff's pending lawsuit for employment discrimination against Defendant District of Columbia and civil rights violations by former Chief Lanier and IAD Agent McGuire.

42.  On March 10, 2017, the Plaintiff was served with Notice of Proposed Adverse Action seeking termination of his employment on the basis of allegations of misconduct allegedly occurring between 2010 and 2012.

43.  Defendant Anzallo, as the Assistant Chief of the Corporate Support Bureau and primary supervisor of the Disciplinary Review Division, was the moving force behind the termination proceedings initiated in March 2017.

44.  Defendant Anzallo was motivated to take adverse action against the Plaintiff

7

(failing to reinstate and seeking termination in 2017) because of the Plaintiff's religion, the Plaintiff's national origin, the Plaintiff's personal associations and speech, and the Plaintiff's protected activity (pursuing relief from employment discrimination and civil rights violations committed by Sgt. James McGuire, former Chief Cathy Lanier, and MPD).

46.   The continuation of the Plaintiff's administrative suspension since October 2016 and the termination proceeding commenced in March 2017 has rendered the Plaintiff ineligible for overtime opportunities, promotion to a higher rank with higher salary, and assignment to specialized units that would enhance the Plaintiff's career and earning ability at MPD.

47.   The continuation of the Plaintiff's administrative suspension since October 2016 and the termination proceeding commenced in March 2017 has rendered the Plaintiff ineligible for secondary employment, especially employment dependent on the Plaintiff's status as an active duty law enforcement officer entitled to use the MPD uniform, badge, and firearm.

## COUNT 1

### (Title VII - Federal Employment Discrimination - Religion against the District of Columbia)

The Plaintiff hereby adopts all of the preceding allegations and allege further:

48.   MPD's tangible adverse employment actions taken against the Plaintiff since October 2016 (non-reinstatement to active duty and termination proceeding initiated in March 2017) constitute unlawful discrimination based on the Plaintiff's religion.

49.   The adverse tangible employment actions taken against the Plaintiff, as

described above, directly and proximately caused the Plaintiffs to suffer, and he will continue to suffer, damages in the form of lost wages and benefits of employment by the District of Columbia and secondary employment in the private sector dependent on Plaintiff's status as an active law enforcement officer, and mental pain and suffering, fright, nervousness, indignity, humiliation, insult, embarrassment, and inconvenience. Said conduct also caused the Plaintiff to suffer a deprivation of his religious freedom protected by the First Amendment to the U.S. Constitution.

## COUNT 2

### (Title VII - Federal Employment Discrim. - Association against the District of Columbia)

The Plaintiff hereby adopts all of the preceding allegations and alleges further:

50. MPD's tangible adverse employment actions taken against the Plaintiff, as described above, constitute unlawful discrimination based on the Plaintiff's personal associations.

51. The adverse tangible employment actions taken against the Plaintiff, as described above, directly and proximately caused the Plaintiff to suffer, and he will each continue to suffer, damages in the form of lost wages and benefits of his employment by the District of Columbia and secondary employment in the private sector dependent on Plaintiff's status as an active law enforcement officer, and mental pain and suffering, fright, nervousness, indignity, humiliation, insult, embarrassment, and inconvenience. Said conduct also caused the Plaintiff to suffer a deprivation of his freedom of association protected by the First and Fourteenth Amendments to the U.S. Constitution.

9

## COUNT 3

### (Title VII - Federal Employment Discrim. - Speech
### against the District of Columbia)

The Plaintiffs hereby adopt all of the preceding allegations and alleges further:

52.  MPD's tangible adverse employment actions taken against the Plaintiff, as described above, constitute unlawful discrimination based on the Plaintiff's personal speech.

53.  The adverse tangible employment actions taken against the Plaintiffs by the Employer, as described above, directly and proximately caused the Plaintiff to suffer, and he will continue to suffer, damages in the form of lost wages and benefits of his employment by the District of Columbia and secondary employment in the private sector dependent on his status as an active law enforcement officer, and mental pain and suffering, fright, nervousness, indignity, humiliation, insult, embarrassment, and inconvenience.  Said conduct also caused the Plaintiff to suffer a deprivation of his freedom of speech protected by the First Amendment to the U.S. Constitution.

## COUNT 4

### (Title VII - Federal Employment Discrim. - National Origin
### against the District of Columbia)

The Plaintiff hereby adopts all of the preceding allegations and alleges further:

54.  MPD's tangible adverse employment actions taken against the Plaintiff, as described above, constitute unlawful discrimination based on the Plaintiff's national origin.

55.  The adverse tangible employment actions taken against the Plaintiff, as described above, directly and proximately caused the Plaintiff to suffer, and he will each

10

continue to suffer, damages in the form of lost wages and benefits of his employment by the District of Columbia and secondary employment in the private sector dependent on the Plaintiff's status as an active duty law enforcement officer, and mental pain and suffering, fright, nervousness, indignity, humiliation, insult, embarrassment, and inconvenience.

## COUNT 5

### (Title VII - Fed. Employment Discrim. - Retaliation against the District of Columbia)

The Plaintiff hereby adopts all of the preceding allegations and alleges further:

56.  The Plaintiff complained of employment discrimination to MPD, the EEOC, and the D.C. Office of Human Rights when MPD originally suspended the Plaintiff based on his free exercise of speech, association, and religion, as well as, gender discrimination in the application of MPD rules governing name changes.

57.  Complaints of employment discrimination are statutorily protected activity under Title VII.

58.  Defendant District of Columbia ("MPD") knew that the Plaintiff had complained about unlawful employment discrimination to MPD and government agencies charged with the responsibility to investigate and enforce anti-discrimination laws or violations of recognized civil rights.

59.  Defendant MPD took adverse personnel action against the Plaintiff by refusing to reinstate the Plaintiff to active duty in October 2016 and by seeking to terminate the Plaintiff's employment in March 2017 because the Plaintiff had engaged in protected activity.

**WHEREFORE**, the Plaintiff, ADHAM NUMAIR-EL, seeks judgment in his favor against the DISTRICT OF COLUMBIA, Defendant, and,

1. Reinstatement to the position the Plaintiff held with Defendant plus promotion to the rank of Sergeant;

2. All back and future pay, benefits, seniority, promotions, leave and emoluments Plaintiff would have otherwise been entitled to as a police officer had it not been for the unlawful discrimination against the Plaintiff in violation of Title VII;

3. Interest on the back pay at the full legal rate, such interest accruing from the date each paycheck or other pay item disbursement would have been received had Plaintiff not been terminated;

4. General damages according to proof;

5. Special damages according to proof;

6. A preliminary and/or permanent injunction prohibiting Defendant from taking any punitive action against Plaintiff in response to Plaintiff's exercise of his right to redress under Title VII or in response to Plaintiff's exercise of his First Amendment Rights to free exercise of speech, religion or association;

7. Attorney fees pursuant to Title VII;

8. Costs of suit;

9. Punitive damages; and

10. Such other and further relief as the court deems just and proper.

**COUNT 6**

**(Civil Rights Action under 42 U.S.C.A. § 1983
against Defendant Anzallo in his Individual Capacity)**

The Plaintiff hereby adopts all of the preceding allegations and alleges further:

60. Defendant Anzallo has caused the Plaintiff to be deprived federally protected employment rights and his First and Fourteenth Amendment rights to freely exercise his religion, to freely associate with persons and groups, and to freely express through speech and other means of communication the Plaintiff's thoughts, opinions, and beliefs by scrutinizing the Plaintiff's innocuous conduct, having the Plaintiff interrogated without justification, continuing the Plaintiff's suspension from active police work, subjecting the Plaintiff to a second round of termination proceedings, depriving the Plaintiff employment benefits, and otherwise treating the Plaintiff indignantly and differently than other subordinate employees and members of the general public.

61. Defendant Anzallo acted with malice and reckless disregard for the Plaintiff's federally protected rights each time he caused the Plaintiff to be deprived those rights and to suffer unequal treatment.

62. Defendant Anzallo acted in retaliation for the Plaintiff engaging in protected activity designed to redress civil wrongs committed against him since 2010 by MPD, Chief Lanier, and Sgt. McGuire, including, but not limited to the Plaintiff's deposition of Defendant Anzallo.

63. Defendant Anzallo acted under color of law when he caused the Plaintiff to be deprived federally protected rights and to be treated unequally.

64. Defendant Anzallo's deprivation of Plaintiff's rights caused him to suffer

13

damages economic damages in the form of lost wages and benefits of his employment by the District of Columbia, as well as, secondary employment in the private sector, and mental pain and suffering, fright, nervousness, indignity, humiliation, insult, embarrassment, inconvenience, and infringement upon the Plaintiff's protected freedoms of religion, speech and association, and the right of equal protection under the law.

**WHEREFORE**, Plaintiff, ADHAM NUMAIR-EL, demands judgment in his favor against MICHAEL ANZALLO, Defendant and compensatory damages in the amount of $2,000,000.00, punitive damages in the amount of $1,000,000.00, attorney's fees, costs, and any other relief authorized by law.

Respectfully submitted,


_/sl Kenneth E. McPherson_
Kenneth E. McPherson, Bar #419177
*Attorney for Plaintiff*
6801 Kenilworth Avenue
Suite 202
Riverdale, Maryland 20737
301-277-4727 office
240-432-8970 mobile
301-699-8706 fax
kemlawyer@gmail.com

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

ADHAM NUMAIR-EL          :
                                :

    Plaintiff                  :
                                :

        v.                  :     Case Number: _____
                                :

DISTRICT OF COLUMBIA, et al.   :
                                :

    Defendants            :

## JURY DEMAND

The Plaintiff, ADHAM NUMAIR-EL, hereby exercises his right to a jury trial on all claims against all Defendants and on any defenses raised by any Defendant.


Respectfully submitted,


   */s/ Kenneth E. McPherson*
Kenneth E. McPherson, Bar #419177
*Attorney for Plaintiff*
6801 Kenilworth Avenue
Suite 202
Riverdale, Maryland 20737
301-277-4727 office
240-432-8970 mobile
301-699-8706 fax
kemlawyer@gmail.com